IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02854-BNB

RICHARD MARTINEZ,

    Applicant,

v.

DIRECTOR OF PAROLE DR. YOUNG,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Richard Martinez, initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Mr. Martinez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Martinez will be ordered to file an amended application if he wishes to pursue his claims in this action.

    The court has reviewed the application and finds that it is deficient. First, the named Respondent is not a proper Respondent. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Mr. Martinez alleges that he is incarcerated at the Colorado Territorial Correctional Facility.

Therefore, it appears that the proper Respondent is the warden of that facility.

The court finds that the application also is deficient because the specific claims Mr. Martinez is asserting are not clear.  Construing the application liberally, it appears that Mr. Martinez may be challenging the revocation of his parole in August 2012 because he alleges that it was impossible to comply with the parole conditions that led to his parole being revoked at that time.  However, even assuming Mr. Martinez is challenging the August 2012 parole revocation, he fails to provide a clear and concise statement of any claim that his federal constitutional rights have been violated as a result of the parole revocation.  Furthermore, if Mr. Martinez intends to raise some other habeas corpus claim or claims, it is not clear what the other claim or claims may be.

For these reasons, Mr. Martinez will be ordered to file an amended application that names a proper Respondent and that clarifies the claims he is asserting if he wishes to pursue his claims in this action.  For each claim he asserts, Mr. Martinez must state, clearly and concisely, the specific federal constitutional right that allegedly has been violated and the specific facts that support the claim being asserted.  Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that Mr. Martinez file within **thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order.  It is

FURTHER ORDERED that Mr. Martinez shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Martinez fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED December 4, 2012, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge